EL SOURI v DEPARTMENT OF SOCIAL SERVICES

Docket No. 82177. Submitted December 10, 1985, at Lansing.—Decided April 7, 1986. Leave to appeal applied for.

Petitioner, Metri El Souri, applied for general assistance and aid to families with dependent children (AFDC) benefits on behalf of himself, his wife and their three children. Petitioner and his family are resident aliens, lawfully residing in the United States for less than three years. His application was denied pursuant to Item 210 of the Department of Social Service's Assistance Payments Manual. That item provides that for three years following an alien's date of entry into the United States, the income and assets of the alien's sponsor must be considered in determining ADC/GA eligibility of the alien, even if the sponsor does not actually contribute to the sponsored alien or has given up sponsorship responsibilities. At the hearing, petitioner abandoned his claim for AFDC benefits and proceeded only in regard to his claim for general assistance. Petitioner appealed from that decision to the Ingham Circuit Court. The circuit court, James R. Giddings, J., reversed the holding of the Department of Social Services and held that the policy contained in the Assistance Payments Manual violated petitioner's rights under Const 1963, art 10, § 6, and US Const, Am XIV. The Department of Social Services appeals from the order to that effect. *Held:*

1. The classification in Item 210 is based on alienage. The regulation is directed solely at aliens.

2. Since the classification in the present case affects economic interests, it is inherently suspect and subject to close judicial scrutiny.

3. The state's interest in the regulation is legitimate and substantial. However, the regulation is not precise nor is it necessary to achieve the state goal of insuring that limited funds go to those most in need.

REFERENCES

Am Jur 2d, Walfare Laws §§ 4, 6 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Children; Poor and Poor Laws.

4. Item 210 is unconstitutional.
Affirmed.

1. PAUPERS — SOCIAL SERVICES — ALIENS — AID TO DEPENDENT
   CHILDREN — GENERAL ASSISTANCE — CONSTITUTIONAL LAW.
   Item 210 of the Department of Social Service's Assistance Pay-
   ments Manual, which provides that for three years following
   an alien's date of entry into the United States the income and
   assets of the alien's sponsor must be considered in determining
   the aid to dependent children and general assistance eligibility
   of the alien, is unconstitutional; the regulation is not precise
   nor is it necessary to achieve the state goal of insuring that the
   limited funds go to those most in need (Const 1963, art 10, § 6;
   US Const, Am XIV).

2. PAUPERS — SOCIAL SERVICES — ALIENS — ECONOMIC INTERESTS —
   JUDICIAL SCRUTINY.
   Aliens as a class are a prime example of a discrete and insular
   minority for whom heightened judicial solicitude is appropriate;
   restrictions on lawfully resident aliens that primarily affect
   economic interests are subject to heightened judicial scrutiny;
   in undertaking this close judicial scrutiny, the Court of Appeals
   must carefully examine the governmental interest claimed to
   justify the discrimination in order to determine whether the
   interest is legitimate and substantial and further inquiry must
   be made to determine whether the means adopted to achieve
   the goal are necessary and precisely drawn.

*Legal Aid of Central Michigan* (by *Daniel Bam-
bery*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *Erica Weiss Mars-
den,* Assistant Attorney General, for the Depart-
ment of Social Services.

Before: D. E. HOLBROOK, JR., P.J., and T. M.
BURNS and HOOD, JJ.

D. E. HOLBROOK, JR., P.J. This action arises from
petitioner's application for general assistance and
aid to families with dependent children (AFDC)
benefits on behalf of himself, his wife and their
three children. His application was denied pursu-

ant to the Department of Social Services' (DSS) Assistance Payments Manual (APM), Item 210, which provides in pertinent part that:

"For the three years following an alien's date of entry into the United States (U.S.), the income and assets of the alien's sponsor must be considered in determining the ADC/GA eligibility of the alien * * *.

* * *

"The income and assets of the sponsor must be evaluated to determine if a portion of the income and assets are deemable, *i.e.,* considered available without proof of actual contribution, to a sponsored alien(s) included in an ADC/GA group.

"The portion of the assets and income of the sponsor that are determined to be deemable to the alien are considered available to the sponsored alien even if the sponsor does not actually make a contribution or states he has given up sponsorship responsibilities."

A sponsor is defined in APM, Item 210, as follows:

"A sponsor is a person who signed an affidavit or other statement accepted by the Immigration and Naturalization Service (INS) as an agreement to support an alien as a condition of the alien's admission for permanent residence in the U.S."

Petitioner and his family are resident aliens, lawfully residing in the United States for less than three years. Petitioner's admission was sponsored by his wife's father. The DSS calculated the sponsor's income and found that the sponsor's deemable income exceeded what petitioner needed, and therefore denied the application. Petitioner appealed from the decision to circuit court. At the hearing, petitioner abandoned his claim for AFDC benefits and proceeded only in regard to his claim for general assistance. The circuit court reversed DSS by holding that the policy contained in the

APM did indeed violate petitioner's rights under Const 1963, art 10, § 6, and US Const, Am XIV. The DSS now appeals from the circuit court order.

DSS argues that the purpose of the programs is to make limited public welfare funds available to those people in the greatest need. DSS also argues that the classification in the APM, Item 210, is similar to many other regulations which require the state to hold ineligible those who have persons or entities with legal or moral obligations to them. DSS points to the stepparent income policy which requires that the income of a stepparent who is living in the home of a child on whose behalf assistance is sought is deemed as income available to the child, even if the stepparent has no legal obligation to the child. Likewise, the income of any grandparent, aunt, uncle, cousin, niece or nephew, or others who are living in the same house as a general assistance applicant, is deemed available to the applicant. Thus, DSS contends that the basis of the classification complained of is not alienage, but rather is the existence of a source of income which may be reasonably deemed available to petitioner. We do not agree with DSS and we find that the classification is indeed based on alienage. The other examples DSS gives are applicable to all regardless of citizenship; whereas the APM, Item 210 is only applicable to aliens. Furthermore, the other examples deal with deeming income from others who live in the home of the applicant. We find this regulation to be directed solely at aliens. As the United States Supreme Court said in *Nyquist v Mauclet*, 432 US 1, 9; 97 S Ct 2120; 53 L Ed 2d 63 (1977):

"The important points are that [that statute] is directed at aliens and that only aliens are harmed by it. The fact that the statute is not an absolute bar does not

mean that it does not discriminate against the class. *Cf., Mathews v Lucas,* 427 US 495, 504-505, fn 11; 96 S Ct 2755; 49 L Ed 2d 651 (1976); *Weber v Aetna Casualty & Surety Co,* 406 US 164, 169, 172; 92 S Ct 1400; 31 L Ed 2d 768 (1972)." (Footnotes omitted.)

DSS argues that even if the APM, Item 210, is a classification based upon alienage, it is not an unconstitutional classification. DSS's arguments relating to the AFDC program are not well taken. Petitioner has abandoned his AFDC claim and we agree that the United States Congress is allowed to treat aliens differently than citizens. *Mathews v Diaz,* 426 US 67; 96 S Ct 1883; 48 L Ed 2d 478 (1976). However, Michigan's general assistance program is entirely funded by the state. MCL 400.1 *et seq.;* MSA 16.401 *et seq.* Therefore, we are dealing with the state's ability to treat aliens differently.

Since " '[a]liens as a class are a prime example of a "discrete and insular" minority * * * for whom * * * heightened judicial solicitude is appropriate' * * * restrictions on lawfully resident aliens that primarily affect economic interests are subject to heightened judicial scrutiny". *Cabell v Chavez-Salido,* 454 US 432, 438, 439; 102 S Ct 735; 70 L Ed 2d 677 (1982), quoting *Graham v Richardson,* 403 US 365, 372; 91 S Ct 1848; 29 L Ed 2d 534 (1971); *In re Griffiths,* 413 US 717; 93 S Ct 2851; 37 L Ed 2d 910 (1973). Since the classification in the present case affects economic interests, it is inherently suspect and subject to close judicial scrutiny.

In undertaking this close judicial scrutiny, this Court must carefully examine the "governmental interest claimed to justify the discrimination" in order to determine whether the interest is "legitimate and substantial". Further inquiry must be made to determine whether the "means adopted to

achieve the goal are necessary and precisely drawn". *Nyquist, supra,* 432 US 7.

While we find the state interest to be legitimate and substantial, the regulation is not precise nor is it necessary to achieve the state goal of insuring that the limited funds go to those most in need. It is undisputed that petitioner's sponsor is not providing him with funds, thus he and his family are probably quite in need of public funds. A more narrowly drawn policy providing that income actually available to any general assistance applicant from another source (*i.e.,* spouse, sponsor, grandparent, stepparent, etc.) may be considered would protect DSS's interest in preserving limited funds while assisting those truly in need. Additionally, such a policy would not discriminate between citizens and aliens. We note the United States Supreme Court's statement that:

" '[J]ustification of limiting expenses is particularly inappropriate and unreasonable when the discriminated class consists of [resident] aliens. Aliens like citizens pay taxes and may be called into the armed forces. * * * may live within a state for many years, work in the state and contribute to the economic growth of the state.' " *Graham, supra,* 403 US 376, quoting *Leger v Sailer,* 321 F Supp 250, 253 (ED Pa, 1970).

We find this issue to be dispositive and thus we do not address petitioner's argument regarding property rights. Accordingly, the order of the circuit court is affirmed, resulting in the APM, Item 210, being held unconstitutional.

Affirmed.